# IN THE SUPREME COURT OF THE STATE OF NEVADA

CARRINGTON MORTGAGE HOLDINGS, LLC,
Appellant,
vs.
STEIJUM HOLDINGS, LLC; AND SUNSET GREENS HOMEOWNERS ASSOCIATION, A NEVADA DOMESTIC NON-PROFIT CORPORATION,
Respondents.

No. 73609

FILED

JAN 31 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Joanna Kishner, Judge.[1]

Having considered the parties' arguments and the record, we perceive no reversible error. *Cf. Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). Assuming respondent Sunset Greens' agent (NAS) received the October 4, 2011, letter from Miles Bauer, the district court correctly concluded that Miles Bauer's offer to pay the yet-to-be-determined superpriority amount was not sufficient to constitute a valid tender.[2] *See Southfork Invs. Grp.,*

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Neither *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), nor *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), support appellant's position. Those cases addressed when a party's

 

19-04786

*Inc. v. Williams*, 706 So. 2d 75, 79 (Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which, were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. United States Gypsum Co.*, 320 P.3d 579, 585 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

---

performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11.

Appellant also contends that the district court overlooked a provision in the CC&Rs wherein Sunset Greens chose to foreclose on only the subpriority portion of its lien. Appellant relies on Article 9.4, entitled "Breach of Covenants," which provides:

> A breach by an Owner of any of the provisions of this Declaration, shall not defeat or render invalid the lien of any Deed of Trust made in good faith and for value as to the Community or any portion thereof . . . .

According to appellant, this provision constituted an "election of remedies" wherein Sunset Greens chose to foreclose on only the subpriority portion of its liens and that this choice did not violate NRS 116.1104. *Cf. SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 419 (2014) (holding that NRS 116.1104 prohibits an HOA from waiving its superpriority lien right).

We are not convinced that the cited provision in the CC&Rs reflects an election to foreclose on only the subpriority portion of Sunset Greens' lien. Since the CC&Rs contemplate a homeowner defaulting on assessments, it does not appear that such a default is a "breach . . . of [the] Declaration" for purposes of Article 9.4. Additionally, Article 9.4 does not mention NRS Chapter 116 or expressly state the election appellant attributes to it. Finally, such an election would be inconsistent with other provisions in the CC&Rs that reflect a clear intent to follow NRS Chapter 116 without any deviations. In particular, Article 6.12 is entitled "Lien for Assessments: Priority," and contains language directly tracking NRS 116.3116(2) (2012)'s superpriority provision. Accordingly, we cannot credit appellant's interpretation of Article 9.4. We therefore do not address appellant's argument that its interpretation of Article 9.4 would not run afoul of NRS 116.1104. Accordingly, the district court correctly determined

that the foreclosure sale extinguished appellant's deed of trust. *Weddell*, 128 Nev. at 101, 271 P.3d at 748.

Appellant next contends that the district court erroneously determined that appellant's two claims against Sunset Greens lacked evidentiary support. We agree with the district court.[3] Appellant's first claim is premised on Sunset Greens having allegedly breached Articles 6.10 and 9.8 of the CC&Rs. Article 6.10 requires Sunset Greens to provide a deed of trust beneficiary a written statement setting forth the amount of unpaid assessments "[u]pon payment of a reasonable fee," and Article 9.8 authorizes a deed of trust beneficiary to examine Sunset Greens' books and records. The district court found that Miles Bauer did not offer to pay a fee, and it is undisputed that Miles Bauer's October 4, 2011, letter did not ask to examine Sunset Greens' records.[4] Appellant's second claim is premised on Sunset Greens having allegedly obstructed Miles Bauer's effort to preserve the deed of trust. We agree with appellant that, on the record presented, Sunset Greens (via its agent, NAS) imposed an artificial roadblock to curing the superpriority default by requiring Miles Bauer to obtain homeowner authorization as a prerequisite for providing an account statement. However, we also agree with the district court that appellant

---

[3]Because we agree that appellant's claims lack evidentiary support, we need not consider the legal issue of whether NRS 116.1113 authorizes a deed of trust beneficiary to sue an HOA for an alleged violation of the CC&Rs.

[4]Appellant observes that nobody told Miles Bauer a fee was required. This observation suggests that Miles Bauer was not relying on Article 6.10 when it sent the October 4, 2011, letter, and in this respect, we question whether a purported violation of that CC&R provision could provide a basis for liability when that provision played no role in the events leading up to the foreclosure sale.

should not be entitled to exploit this artificial roadblock as an excuse for not taking any action whatsoever to protect the deed of trust during the four years between NAS's email and the foreclosure sale. In this respect, appellant, appellant's predecessor, or Miles Bauer could have simply asked the former homeowner, NAS, or Sunset Greens what Sunset Greens' monthly assessments were in an effort to cure the superpriority default, or they could have taken any number of the untaken steps identified by the district court to protect the deed of trust. Accordingly, while the record contains no indication that NAS was legally entitled to require Miles Bauer to obtain homeowner authorization, substantial evidence supports the district court's determination that NAS and Sunset Greens did not prevent appellant, appellant's predecessor, or Miles Bauer from protecting the deed of trust. *Weddell*, 128 Nev. at 101, 271 P.3d at 748. Accordingly, based on the facts of this case, we agree with the district court that Sunset Greens cannot be held liable for the loss of appellant's security interest. In light of the foregoing, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:  Hon. Joanna Kishner, District Judge
Akerman LLP/Las Vegas
Alverson Taylor & Sanders
Mortenson & Rafie, LLP
Eighth District Court Clerk

